# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-291-SLP |
| ) | |
| LISA MARIE RUIZ, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 71]. Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. After Defendant filed her Motion, this Court transferred jurisdiction of this matter to the United States District Court for the District of Arizona, pursuant to 18 U.S.C. § 3605. *See* [Doc. No. 77]. Section 3605 provides that the transferee Court "is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227."

Section 3582(c)(2)—the statute under which Defendant seeks a reduction—is contained in subchapter D of chapter 227. Accordingly, the District of Arizona is now the proper court to consider the request made in the Motion; this Court lacks jurisdiction to entertain it.[1] *See United States v. Avalos*, No. 12 CR 1010, 2016 WL 7426131, at *2 (N.D.

---

[1] Alternatively, the Court lacks jurisdiction to grant the requested relief because Defendant's sentence of 30 months' imprisonment is already below her amended guideline range of 57 to 71 months' imprisonment. *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B); *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Ill. Dec. 23, 2016) (citing cases). Defendant's Motion [Doc. No. 71] is therefore DISMISSED.

IT IS SO ORDERED this 24th day of March, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE